# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case Number: 4:07-CR-169 |
| | § | |
| ULRIC JACK SWEESY | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion to Reduce (Dkt. #54) and Second Corrected Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #55). The Government has responded in opposition (Dkt. #62). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion must be **DISMISSED for lack of jurisdiction**.

## I. BACKGROUND

On April 22, 2013, Defendant pleaded guilty to Mail Fraud in violation of 18 U.S.C. § 1341. On July 1, 2008, Defendant was sentenced to 240 months' imprisonment (Dkt. #41). Defendant is currently serving his sentence at FCI Yazoo City Low. The Bureau of Prisons projects a release date of July 29, 2025. Defendant seeks release based upon COVID-19 concerns. The Government opposes the request.

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance, invoked by Defendant, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with

applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Although Defendant has met section 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence. Defendant's motion, therefore, must be dismissed for lack of jurisdiction.

**A. Defendant Has Met Section 3582(c)(1)(A)'s Exhaustion Requirement.**

Defendant's compassionate-release motion may be considered only if he first meets section 3582(c)(1)(A)'s exhaustion requirement. The statute provides that a court may not consider any modification to a defendant's sentence under section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The Director of the BOP may request a sentence reduction in court at any time. *Id.* A defendant may also make such a request but only after fully exhausting remedies within the BOP or after 30 days have passed since he or she sought administrative remedies. *Id.*[1]

On June 11, 2020, Defendant submitted a request for compassionate release to the warden. On June 24, 2020, the warden denied the request.  Defendant has, therefore, met section 3582(c)(1)(A)'s exhaustion requirement.

**B. Defendant Has Not Met Section 3582(c)(1)(A)'s Requirements for Sentence Modification.**

**1. Defendant must meet section 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence.**

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

Under section 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define what constitutes "extraordinary and compelling reasons" for a sentence reduction under section 3582(c)(1)(A), but rather delegated that authority to the Sentencing Commission. In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]." And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under section 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples.'" *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). As the Fifth Circuit has explained, "a common sense reading" of section 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id.* "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be

binding." *Id*.; *see also Dillon*, 560 U.S. at 827 (explaining that the Commission's pertinent policy statements are binding on courts where 18 U.S.C. § 3582(c)(2)—using the same language as section 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Defendant cannot obtain a sentence reduction under section 3582(c)(1)(A) merely by asserting reasons that he, or for that matter this Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Defendant's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be considered extraordinary and compelling reasons for a sentence reduction under section 3582(c)(1)(A).

**2. Defendant fails to satisfy section 3582(c)(1)(A) because his alleged "extraordinary and compelling reasons" for sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."**

Defendant's compassionate-release motion turns on his assertion that the risks to his health associated with COVID-19, coupled with his existing diabetes, hypertension, and migraines, constitute extraordinary and compelling reasons to reduce his sentence. Defendant's assertion fails because it is untethered to the Sentencing Commission's binding applicable policy statement in section 1B1.13 of the Sentencing Guidelines. Section 1B1.13 describes what will be considered "extraordinary and compelling reasons" for sentence reduction under section 3582(c)(1)(A)(i) and provides no basis for a reduction based on COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[2] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.*, comment. (n.1(A)–(D)).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests. PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[3] *See* PS 5050.50 ¶¶ 3–6.

---

[2] The policy statement is binding under the express terms of section 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under section 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

[3] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time

Neither the Commission's policy statement nor PS 5050.50 provide a basis for compassionate release based on Defendant's COVID-19 concerns. Instead, the grounds for release are limited to individual circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP. For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by section 3582(c)(1)(A). *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Defendant asserts that there are extraordinary and compelling circumstances presented in the instant case relate to the significant health risk to Defendant as a result of the COVID-19 pandemic and his underlying health conditions.  Defendant asserts that he is 69 years old and received abnormal results on his most recent kidney function test, indicating possible kidney disease as is noted on his medical records.  Defendant asserts that he was referred to a specialist but has not yet been able to see one due to the precautionary measures taken by the BOP to contain the COVID-19 pandemic.

---

served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

According to his BOP Inmate Profile, Defendant is classified at Care Level 2 "stable, chronic care." Care Level 2 inmates are stable outpatients, who require clinician evaluations monthly to every 6 months. The record demonstrates that Defendant medical issues are being addressed and managed by the BOP.

Absent COVID-19, Defendant would present no basis for compassionate release because his medical ailments are appropriately managed and do not present any impediment to his ability to provide self-care in the institution.

The Court finds that Defendant presents no basis for compassionate release, outside the risks from COVID-19, because his medical conditions are being managed at his facility. Defendant fails to demonstrate how his current health conditions substantially diminishes his ability to provide self-care in the prison. It appears that Defendant's health conditions are stable. Defendant is not subject to a terminal illness. There is also no evidence that Defendant is unable to function in prison. Defendant has not indicated that he has any restrictions.

Defendant failed to provide any evidence that he meets the guidelines for compassionate release under the Commission's policy statement. *See United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstances meeting the test for compassionate release").

Because Defendant's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy statements issued by the Sentencing Commission," he fails to meet the requirements of section 3582(c)(1)(A)(i).[4]

---

[4] Given Defendant's failure to meet section 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction. However, if the

**3. The First Step Act did not alter the substantive criteria for compassionate release under section 3582(c)(1)(A).**

In Defendant's view, following the First Step Act, the Court now has authority under section 1B1.13, application note 1(D), to determine for itself what constitutes "extraordinary and compelling reasons" to modify his sentence. This is not the case.

Section 1B1.13's application note 1(D) requires the Director of the BOP to determine whether an inmate has adequately demonstrated extraordinary and compelling reasons for sentence modification other than, or in combination with, the reasons described in subsections (A) through (C) of application note 1, *i.e.*, a medical condition, age, and/or family circumstances. Defendant's argument fails to recognize the difference between the First Step Act's amendments related to the procedural requirements for seeking compassionate release in district court and the unamended substantive requirements that permit courts to grant compassionate release.

The First Step Act amended section 3582(c)(1)(A) to permit a defendant to move the district court directly for compassionate release, overriding those parts of section 1B1.13 of the Sentencing Guidelines providing that only the Director of the BOP may file such motions. *See supra* n.2. The First Step Act amendments to section 3582(c)(1)(A), however, did not change the substantive criteria that district courts must apply in making those decisions. The amendments also did not shift the authority to develop such criteria from the Sentencing Commission to the courts.[5]

---

Court did reach this issue, the Court would find that he still poses a danger to the community.  Considering the section 3553(a) factors, the Court finds that Defendant's sentence should not be reduced.

[5] To the contrary, the First Step Act left unchanged two critical statutory commands vesting the Commission, not courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction: (1) any sentence reduction under section 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission"; and (2) under 28 U.S.C. § 994(t), "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples," *id.* (emphasis added).

The fact that Congress's change to section 3582's procedural mechanism necessarily overrides a Sentencing Commission policy statement concerning the same procedural mechanism cannot be translated into congressional intent to alter the statute's provisions governing the merits of compassionate-release motions.[6]

Congress decided to leave both section 3582's requirement that any reduction be consistent with the applicable policy statement and section 994's authorization and directive of the Sentencing Commission to promulgate the policy statement undisturbed. This decision cannot be ignored or elided by this Court. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, — U.S. —, 140 S.Ct. 1009, 1018, 206 L.Ed.2d 356 (2020) ("And where, as here, Congress has simultaneously chosen to amend one statute in one way and a second statute in another way, we normally assume the differences in language imply differences in meaning."). Likewise, this Court remains bound by circuit precedent confirming that the Sentencing Commission's policy statements are binding in section 3582(c) proceedings. *See Garcia*, 655 F.3d at 435 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

Further, in the only on-point appellate decision to date, the Tenth Circuit followed this approach. In *United States v. Saldana*, the defendant argued that there were "extraordinary and

---

[6] In this regard, when Congress passed the First Step Act, modifying section 3582(c)(1)(A), it could have altered the statute's requirement that any sentence reduction must be consistent with the Commission's applicable policy statements. It did not. Congress also could have amended the provisions in 28 U.S.C. § 994 expressly vesting the Sentencing Commission with authority to issue policy statements regarding "the appropriate use" of section 3582(c)'s sentence modification provisions, 28 U.S.C. § 994(a)(2)(C), and to promulgate policy statements describing what should be considered extraordinary and compelling reasons for sentence reduction under section 3582(c)(1)(A), *id.* § 944(t). Again, it did not.

Further, recent circuit precedent confirms that courts must still apply section 1B1.13's substantive criteria to compassionate-release motions. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (discussing the First Step Act's procedural changes to section 3582(c)(1)(A) and affirming the district court's denial of compassionate release, which applied section 1B1.13's policy statement describing when extraordinary and compelling reasons exist for sentence modification).

compelling reasons" warranting a reduction of his sentence because he would no longer be a career

offender under the Sentencing Guidelines based on changes in applicable case law. 807 F. App'x

816, 818 (10th Cir. 2020). The Tenth Circuit rejected that argument when it affirmed the district

court's dismissal of the defendant's compassionate-release motion for lack of jurisdiction. The

*Saldana* court explained that "neither the § 1B1.13 commentary nor BOP Program Statement

5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling'

reason warranting a sentence reduction." *Id*. at 820. Notably, the Tenth Circuit did not conclude

that, following the First Step Act, the district court was free to reach its own conclusions as to

whether changes in applicable case law constituted an "extraordinary and compelling" reason for

a sentence reduction, and that such reason need not be consistent with applicable policy statements

of the Commission.[7]

For all of these reasons, the Court will adhere to the controlling text of section 3582,

together with Supreme Court and circuit precedent, confirming that any proposed sentence

reduction under section 3582(c)(1)(A) must be consistent with applicable policy statements issued

by the Sentencing Commission.

**C. Defendant's Motion Must Be Dismissed for Lack of Jurisdiction.**

Because Defendant's motion for compassionate release fails to meet the requirements of

section 3582(c)(1)(A), it must be dismissed for lack of jurisdiction. It is well-settled in the Fifth

Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction

to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th

Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997))

---

[7] As discussed more fully in *United States v. Dodd*, the *Saldana* decision is consistent with the Supreme Court's conclusion in *Dillon* that, in section 3582(c) proceedings, applicable policy statements issued by the Sentencing Commission are binding. No. 4:13-CR-182-SDJ-CAN, 2020 WL 3893695, at *7 (E.D. Tex. July 10, 2020) (citing *Dillon*, 560 U.S. at 830).

("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F. App'x 46, 2003 WL 22423180 at *1 (5th Cir. 2003) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "[s]ection 3582(c) limits sentence modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis"). In a line of cases over two decades, circuit case law has repeatedly reaffirmed that section 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment. *See, e.g.*, *United States v. Rene*, 785 F. App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112. Because these cases speak in terms of section 3582 as a whole, it follows that section 3582(c)(1)(A), and the limitations within, circumscribe the Court's jurisdiction.[8]

Under the "rule of finality[,]" "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). This limitation on federal courts' power is confirmed in the

---

[8] The Court recognizes that a recent line of Supreme Court jurisprudence has clarified the distinction between "true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). However, as the Court recently explained in *United States v. Rios*, No. 4:06-CR-14-5, 2020 WL 3410639, at *2–*4 (E.D. Tex. June 11, 2020), it does not appear that this line of Supreme Court authority undermines the Fifth Circuit's understanding of section 3582's exceptions to the finality rule as jurisdictional conditions rather than claims-processing rules.

Further, at least six circuits have treated section 3582's exceptions to the finality rule as jurisdictional. *See United States v. Denson*, 798 F. App'x 605, 605–06 (11th Cir. 2020) (per curiam) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–97 (11th Cir. 2010)); *United States v. Carrillo*, 720 F. App'x 815, 815 (8th Cir. 2018) (per curiam) (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)); *United States v. Jordan*, 853 F.3d 1334, 1338 (10th Cir. 2017); *United States v. Spears*, 824 F.3d 908, 909 (9th Cir. 2016); *United States v. Freeman*, 659 F. App'x 94, 98 (3d Cir. 2016) (citing *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009)); *Garcia*, 606 F.3d at 212 n.5. On the other hand, the Court is aware of only two circuits that have reached the opposite conclusion. *See United States v. Alam*, 960 F.3d 831, 832–33 (6th Cir. 2020); *Taylor*, 778 F.3d at 669–71.

text of section 3582. *See* 18 U.S.C. § 3582(c) (stating that, subject to certain exceptions, a court "may not modify a term of imprisonment once it has been imposed"). This rule of finality "is subject to a few narrow exceptions." *Freeman*, 564 U.S. at 526. Section 3582 provides such exceptions, including an exception allowing the Director of the BOP, or a defendant who has fully exhausted all administrative rights, to move for a modification of the defendant's imprisonment term based on the existence of "extraordinary and compelling reasons" warranting a reduction of the defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[9] A defendant must conform both to the procedural and substantive requirements of section 3582 for a court to have jurisdiction. If the text of an applicable exception is met, section 3582 provides that the case falls within the district court's adjudicatory authority to modify the defendant's term of imprisonment. If the text of an applicable exception is not met, there is no jurisdictional basis for the court to modify the term of imprisonment given the longstanding, strict application of the finality rule.[10]

Thus, the exceptions set forth in the text of section 3582 serve to create jurisdiction to modify a defendant's term of imprisonment where no jurisdiction would otherwise exist under the finality rule.[11]

---

[9] Beyond section 3582, there are additional, limited exceptions to the finality rule. For example, Federal Rule of Criminal Procedure 35(a) authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," and Rule 35(b) authorizes a district court to "reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

[10] *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (Easterbrook, J.), *overruled by Taylor*, 778 F.3d at 671 (7th Cir. 2015) (explaining that, "[b]ecause § 3582(c) limits the substantive authority of the district court, it is a real 'jurisdictional' rule, rather than a case-processing requirement").

[11] The Supreme Court's decision in *Gonzalez v. Thaler*, 565 U.S. 134, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012), is analogous and instructive. In the context of a habeas petitioner's request for postconviction relief, the Court construed 28 U.S.C. § 2253, which "governs appeals in habeas corpus proceedings." *Id.* at 140. The Court held that section 2253(c)(1) included the following "jurisdictional" language: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]" *Id.* at 142 (internal quotation marks omitted). Although the word "jurisdiction" does not appear in the statute, the Court nonetheless affirmed that section 2253(c)(1)'s certificate-of-appealability

\*       \*       \*

To determine this case, it is enough for the Court that the Fifth Circuit's binding precedent continues to treat section 3582 as a demarcation of jurisdiction. Because Defendant has failed to meet the controlling requirements for compassionate release set forth in section 3582(c)(1)(A), his motion for compassionate release must be dismissed for lack of jurisdiction.[12]

---

requirement is jurisdictional. *Id.* Similarly here, section 3582's language that a court "may not modify a term of imprisonment once it has been imposed," except as provided under subsections 3582(c)(1)–(2), speaks in jurisdictional terms.

[12] Defendant also requests, in the alternative, that the Court order him to home confinement (though Defendant does not specify a legal basis for such relief). Contrary to Defendant's assertion, the BOP has exclusive authority to determine where a prisoner is housed; thus, the Court is without authority to order home confinement. 18 U.S.C. § 3621(b)*; see also United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement.").

## III. Conclusion

It is therefore **ORDERED** that Defendant's Second Corrected Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #55) is **DISMISSED for lack of jurisdiction**.

**SIGNED this 15th day of December, 2020.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

-14-